Morning Judge. Good morning. Shall I? You may proceed. Thank you. I think the first thing we have to do is the housekeeping. I'm sharing this 10 minutes with able counsel seated at the table here. Mr. Grona, who is farthest away, is wanting to have a minute and Mr. Edwards two and a half I believe and I want to reserve roughly 120 seconds for rebuttal so I think that gives me about four and a half minutes and that's not a problem because I only have two little things to bring up both involving the First Amendment. The first is that the reliance defense package quote-end quote is in our view not subject to criminal prosecution when it's sold and that it is not the defendant's burden to properly in the event they're charged with willful failure to file income tax returns as opposed to those who would merely feign a belief that they didn't believe that there was indeed any law requiring them to file a tax return. So it's absolutely protected? It can never be admitted as relevant evidence to establish whether or not there was intent to violate or obstruct the internal revenue laws? Well I wouldn't want to go quite that far your honor but it would have to be shown that it was in a context where lawless conduct was imminent. I think that's the test. Isn't that why we ought to let this case go to trial so that we can review a full record that shows us whether or not there was sufficient evidence to establish actual criminal culpability on the part of the co-conspirators? I'm sure you won't be surprised hear me say no. Well the reason different about this case from any from a Fourth Amendment violation where we say to the defendant you're claiming that your constitutional rights were violated by this prosecution and that the the conviction was sustained on the grounds of constitutionally protected evidence but you got to wait till after the trial is over and then you raise it as part of your direct appeal. Because this is a pure question of law and the burden on the First Amendment is too great to await vindication. But a Fourth Amendment violation is normally a pure question of law. Whether or not the evidence was seized in violation of the Fourth Amendment. Indeed but we're talking about free speech here and freedom of association which doesn't really have anything to do with the Fourth Amendment. What's your best case to say you get an interlocutory appeal when the First Amendment is involved? United States versus PHE Incorporated would be our best case your honor. There is no link logically or legally between the reliance defense package on the one hand which the district judge didn't really quite get to it. She said well Mr. Hardy is trying to induce people to feign a belief that they're entitled not to file based on these materials. But she said well that doesn't really make any difference because count one also has allegations in it of fraudulent trust, bankruptcies and IRA rollovers. Therefore count one charges an offense. We said yeah but there's no relationship between those two things. And furthermore we have the Krasovich problem. Krasovich being 819 F second page 253 1989 case that your honor wrote the opinion on in which the problem there was the defendant was not on notice that the conduct in which he engaged had anything to do with the crime that was allegedly committed or that was committed. So that this is mere speech. These are opinions your honors. The authors do not believe that people are required to file tax returns and our clients are well these two gentlemen represent individuals writing these opinion letters. But that's pure speech. There's no imminent lawless conduct. Also the district court. But how can we determine that without a context? I mean you make that representation but the real issue here is whether or not that evidence coupled with whatever else the government is going to produce and whatever else the defense is going to offer in defense establishes intent to obstruct the collection of the taxes. And I don't know how we can make that determination by simply looking at the package and saying as a matter of law this is or is not admissible at a criminal trial. That's a different question. Whether it would be admissible to trial is one thing. To show something. But I'm saying that the reliance defense package per se which is confused and conflated in count one with these allegedly fraudulent acts which could be in fact impairing the construction defeating a lawful function of the IRS. But this speech is just opinion your honor. Don't we need to know whether or not the defendant who's charged with a crime did in fact rely on the contents of the package? Well the problem with that logically is that the package talks about not filing a tax return. Well how this is imminent lawless non-conduct. You really are asking us to declare as a matter of law that this package is not admissible under the first amendment for any purpose at the criminal trial. That's the only way we can grant you the relief as I understand your argument. Well that's not my argument. This is not an in limine ruling. It's a statement that this charges pure speech which cannot be criminalized. The mere fact that it can't be criminalized doesn't mean that it can't be used as evidence of a crime. Were people paying you for this? I beg your pardon? Were people paying you for this? Yes, some were. Many were. But it doesn't have any utility in committing any crime. It's only possible employment would be after a charge of willful fatal defile. Weren't there allegations in the indictment of setting up trusts and doing other things besides just? Right. There were in count one. And if that were the only thing charged in count one I wouldn't be here. But. Just the count you're talking about. Just the package count. The package just doesn't have anything to do with those other things your honor. And the district court never even tried to link it. She simply said well it's part of count one and maybe it doesn't have anything to do with these other potential criminal acts here. And I said to the court well but it isn't intensified around April the 15th. And this imminent lawless conduct we're talking about is really imminent lawless non-conduct. It's failing to file a tax return. Which is a crime. No. Willful failure to file one is a crime. And you got to know and they're back to my intent problem. So the question is whether or not this constitutes evidence of willfulness. Aiding, abetting, counseling, procuring, urging. Well all it's doing is saying if you don't file this may be useful to you in defending the charges. So the real thing we're talking about here is criminal prosecution for fatal defile. That's not a function of the Internal Revenue Service's permitted by law to perform. That's what the Department of Justice does. I think we understand your argument if you want to save any time for your show, Counselor. I do. I do. And I also wanted to talk briefly and I'll make it very brief about the retaliatory prosecution aspect of this case on the basis which we believe the entire indictment should be dismissed. And we just received ten days ago a critically important piece of exculpatory evidence that's been withheld for the last two years with no legitimate basis along with a bunch of other material. You received this when? The most recent submission was received in Honolulu June the 4th of this year. Not a part of this record then, I think. Well, it is incorporated in a motion to supplement the record on appeal that was just filed with the court this morning along with other documents very recently produced. Thank you, Your Honor. Good morning. I represent Mr. Kaling in this matter. Essentially, my argument is very brief. It's to the point that Mr. Kaling is exercising his rights under the First Amendment by writing opinion letters. This is pure speech. It is a situation in which he generates an opinion based on his research and he essentially tells people that what he has found and what his opinion is. He does not tell people not to file. He actually tells people that if you don't believe what I say, go talk to your own experts, your own advisors in order to gain your own opinion. So essentially, this in its purest form is pure speech. It's an opinion. It's just like anybody that goes into a lawyer's office paying money to ask a lawyer for an opinion. It's like sports commentaries on the radio asking people to give opinions all the time. This in its purest sense is pure speech. He was charged with writing these letters because people would pay him money. Now, whatever somebody does with those letters after the fact is not up to Mr. Kaling because he certainly is not my opinion is that the tax system is voluntary and you can volunteer to pay your tax. You can volunteer not to pay your tax. And that's essentially the basis of the letter. So in and of itself, Mr. Kaling's letter is, in its purest sense, it's an opinion. People may not like his opinion, but that's what the First Amendment is all about. That's what gives us the right to be the democratic society that we enjoy. And on that basis, the counts in that indictment relating to those letters should be dismissed. How many counts were there altogether? With Mr. Kaling, he was charged in count one. There are two counts in the indictment. The first count alleges the tax violations, inciting others not to file taxes. And the second part has to deal with Mr. Hardy's non-filing. Thank you. Judges, Barry Edwards, I represent Fred Ortiz, who better not be offering his opinion to anybody or he'll get indicted. That, in a nutshell, is my argument. The opinion of the judge was that he was charged in count one. Somebody addressed the question of our jurisdiction?  It has been addressed by Mr. Kaling. Kohan, of course. Well, would you tell me what you said? Tell me again. Fred Ortiz should not be tried in this case because of expressing his opinion under the First Amendment, an opinion which people have the opportunity to accept or reject at their decision upon reflection, which is not imminent. And in order for him to express his opinion, he has to have the opportunity under the First Amendment to do that. And when he expresses his opinion, if he's subject to an indictment such as this, that's wrong, and you should take jurisdiction and say it's wrong. Help me again, because the charge that the actual crime that is being charged is the count that you're challenging is what? 371. It's the count which was discussed in the Caldwell case. It's the count which says that it's unlawful to impede or obstruct the administration of collection of revenue, basically, by the Federal Revenue Service. A client conspiracy, right? Excuse me? A client conspiracy. Conspiracy to obstruct the functions of the Federal Revenue Service. Exactly. It's not a crime to make the government's job harder. It's not a crime to advocate illegal activity at some future time, like telling a gang how to run itself. But what's your answer to the Chief's question? We've got a Supreme Court opinion in Hollywood Motor Car that tells us that there are only three grounds on which one may obtain an interlocutory review, double jeopardy, the speech and debate clause, and I forget the third one. But this doesn't fit into any of the recognized exceptions, and the Supreme Court has told us we don't like piecemeal appellate review of criminal cases. I understand, Your Honor. PHE is the best we've got, and we've cited it, and we've discussed it. PHE is as good as it gets. That's it. There's no other authority that we've been able to give you. The thing about PHE, it seems to me, and you can disagree, it's a little bit like Dombrowski where you enjoin a prosecution. You have to have some evidence that the intent of the prosecution is really not a good faith prosecution. They really don't want to get prosecuted out. They're bringing some sort of a harassing action. Dombrowski, for instance, they used to start the prosecutions, and then they'd dismiss them, and then they'd arrest somebody again, and then they'd drop the charges, and then they'd arrest somebody again. So finally somebody said, well, you're going to have to give an appeal here somewhere. But here you can get your appeal after the trial if you like. I think that's right. An appeal can be taken after trial, and certainly there will be facts developed during a trial. But my point is this. Fred Ortiz is offering an opinion which persons have the opportunity to reflect upon. This is not he's not standing at the doorhouse of the jail with his opinion in his hand, with people that are standing there with clubs and pitchforks saying, get in there and get that guy and go hang him. So don't you make a Rule 29 motion at the close of the government's case in chief? You bet, if I have to get that. And if that's the state of the evidence at that point, presumably that motion would be granted. One would hope so, Your Honor, but that has not always been my happy experience in district court. Rule 29 motions are rarely granted. Okay. So the jurisdictional answer is PHE is the best we've got. Jurisdictional answer is PHE is the best we've got. And my argument is that I disagree with Bill Cohan. I think that the reliance defense is something which can't be used to prosecute my client, because I think my client is doing nothing more than what's done in the library. If you go down in Hawaii, for example, pick up the Hawaiian Sovereignty Manual, which says you don't have to obey Hawaii laws or federal laws because Hawaii is not a state, it's a kingdom. Okay. That opportunity to reflect, the opportunity to reflect. If you go out and sell. Go and sell it. This to people saying here is how you can ‑‑ here's the reason what you can give for not obeying the law. The Ninth Circuit, as you know, Judge, says that it is a defense to willful failure to file if a person has a good faith belief that they don't have to file an income tax return. But a jury has to decide that. A jury has to decide that issue. But that's not the issue in this case. In this case, the question is, is Fred Ortiz entitled to give an opinion that you don't have to file an income tax return? Period. And the answer is, under the First Amendment, yes. And he shouldn't be indicted when he gives it. In United States v. Cheek, that the answer might be no. Depending upon how the advice was given, the good faith belief of the defendant in relying upon it, and to the extent that the person who offered the advice was implicitly aiding or abetting the defendant in not filing, then he could be criminally culpable as well. But that is a question that the jury has to decide. So, Judge Tallman, if I take your position, so I give a cockeyed opinion that something is a certain way. And somebody doesn't believe it, but takes my cockeyed opinion and takes action based upon it and is prosecuted. I'm an aider and abetter because I gave a cockeyed opinion? The jury thinks that in your heart of hearts, it was truly a cockeyed opinion, or whether you were really aiding and abetting the violation of the tax laws and trying to pass yourself off as some kooky researcher. That may be a good defense. But until we see a record, I don't see how we can simply dismiss your client on your representation that all he was doing was giving advice. I just don't know what authority, as I read the Supreme Court cases, gives us the opportunity at this point interlocutorily to grant you the relief that you're seeking. That's the problem I'm having. Well, I don't think I'm going to change your mind, Judge. Well, I mean, you're going to have to change the Supreme Court's mind because that's how I read the Supreme Court cases. Okay. Well, I think we're... You understand my argument, at least. Do you? Any other questions? Okay. Thank you. Thank you. May I please report to counsel? Judge Tolman, the third situation the Supreme Court has found is an order denying a motion for bail. Yeah. Of course, you figured out just the you would remember just... I read the rest of the case while I was listening to you. I would like to address the jurisdictional issue. This Court does not have jurisdiction to consider the appeal. The Supreme Court in the Librand case, Coopers and Librand, has a three-prong test. At least two of the prongs fail here. The defendant's First Amendment claims are not separable from the merits of the case against them. As this Court held in Freeman, where the indictment is for counseling, the circumstances of the case determine whether or not the First Amendment applies. This case has to go to trial. It has to go before the jury for the jury to determine whether or not the First Amendment protects the defendants from being tried. How do you distinguish PHE? I beg your pardon? How do you distinguish PHE? Relatively easily. In PHE, there were three district courts, three U.S. Attorney's offices involved at least, the District of Utah, the Eastern District of North Carolina, and the Western District of Kentucky. In the District of Utah, the U.S. Attorney, the then U.S. Attorney and the AUSA proposed a plea agreement, basically telling PHE that the only way we will make this go away is that if you agree not to import any obscene materials into Utah, even materials that are protected by the First Amendment. It was very clear then that the government was trying to prevent the defendants from exercising their First Amendment rights. In this case, we are trying to prevent the defendants from selling and encouraging and assisting in the use of materials to promote tax evasion. This is not a case where we are trying to prevent the defendants from exercising their legitimate First Amendment commercial speech rights. This case is not just involving speech. The defendants were engaged in soliciting clients, selling materials for clients to use in case they were prosecuted, creation of false bank accounts and false trusts to use to hide income and assets from the government, facilitation of early IRA withdrawals without the payment of taxes and penalties that were required. This is not a case where we're just trying to prevent the defendants from telling the world that they think the IRS, that income taxes are not required. What's the relevance of the fact that they sell these packets? It just shows that they're doing more than just speaking. They're engaging. Well, you know, Tom Payne sold his pamphlets and the New York Times sells its newspapers. That is true. It's certainly not nearly as important as the other aspects where they're promoting the use of false trusts and creating false bank accounts for use in concealing income and assets from the U.S. Part of the allegations of count one. Is that correct? I believe it is. But it's certainly not the most important. Now, as to whether Mr. Ortiz and Mr. Kaling should be dismissed from this case, under Caldwell we have to prove that the particular defendant entered into an agreement to obstruct a lawful function of the IRS by deceitful or dishonest means. This case has to go to trial for the government to be able to prove that they were not just speaking, that they were active, knowing, willing participants in the conspiracy. Also, this court's decision in U.S. v. Kubel, the Kubel defendant's actions went beyond mere speech. Back briefly to the second prong of the Coopers and Librand test, the defendants have not shown that this is a case where they would not be able to preserve, it's not unreviewable on appeal. The case doesn't involve the right not to be tried. Unlike Midland Asphalt, Midland Asphalt says that the right not to be tried has to rest on explicit statutory or constitutional guarantee that the trial won't occur. That isn't here. U.S. v. Ambort, another Tenth Circuit case, held that the right to engage in commercial speech does not include the specific right not to be tried. If the court has no further questions, the government will rest on its brief. Thank you. Thank you. Well, you've used your time, but we'll give you 30 seconds. Can you give me just a couple minutes? Just a couple questions I have for this court. We just heard about the fraudulent bankruptcies, trusts, and so forth, and that's principally what the government believes it should prosecute. Let's assume the defendants are acquitted of that charge, and they never do that again. Can they still market their reliance defense package? Wait a second. Are you asking us, are we now making the argument to you? Is that what we're doing here? That's not how we do this. It's my request, Your Honor. You want to leave that as a rhetorical question. Well, certainly it's a rhetorical question, Your Honor. All right. What's your next point? That I would like, Your Honors, to take a look at the pattern of government misconduct here that has culminated in having withheld a statement that is totally exculpatory by Mr. Hardy that he made on July the 12th, 1984. I think we don't have any of that in the record that was before the district court. I realize that, but there's a motion that's been filed that presumably, Your Honors, will at least have the opportunity to look at. And the only reason it's not before, Your Honors, is the government stonewalled for two years until we got here. We will carefully examine the record. Thank you very much. Thank you. The matters just argued are submitted for decision. We'll hear the next case, which is United States v. Sierra. You're going to help me with that pronunciation, please. Thank you. Thank you.
judges: Schroeder, Canby, Tallman